People v Dorvee (2019 NY Slip Op 04058)





People v Dorvee


2019 NY Slip Op 04058


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

109670

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JUSTIN K. DORVEE, Appellant.

Calendar Date: April 19, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered June 14, 2017, which resentenced defendant upon his conviction of the crime of attempted use of a child in a sexual performance.
In March 2008, and in full satisfaction of a 35-count indictment, defendant agreed to plead guilty to one count of attempted use of a child in a sexual performance (count 8) and five counts of possessing a sexual performance by a child with the understanding that he would be sentenced to a prison term of 2 to 6 years for his conviction under count 8 of the indictment, as well as to prison terms of 1 to 3 years for his convictions under the other five counts of the indictment to which he pleaded guilty — said sentences to be served consecutively to one another and concurrently with an anticipated federal sentence to be imposed, resulting in an aggregate state prison term of 7 to 21 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty to the subject crimes and the matter was adjourned pending defendant's sentencing on the federal charges.
Defendant appeared for sentencing in February 2009, by which time he had received a federal sentence of 233 months. Based upon the People's insistence that attempted use of a child in a sexual performance was a violent felony, County Court sentenced defendant to a prison term of two years followed by 10 years of postrelease supervision for that conviction and to prison terms of 1 to 3 years upon the remaining convictions — all terms to be served consecutively to one another and concurrently with the federal sentence.
The Department of Corrections and Community Supervision subsequently concluded that defendant's sentence under count 8 of the indictment was illegal because attempted use of a child in a sexual performance was not in fact a violent felony; as a result, defendant returned to County Court for resentencing on that conviction on June 14, 2017. In an effort to avoid penalizing defendant for the fact that his federal sentence had been served, County Court proposed to resentence defendant — nunc pro tunc — upon his conviction of attempted use of a [*2]child in a sexual performance to a prison term of 1&frac13; to 4 years with such sentence to be served consecutively to the remaining state sentences previously imposed, resulting in an aggregate prison term of 6&frac13; to 19 years. Defendant appeals from the resulting judgment.
We affirm. Defendant's original waivers of the right to appeal — made at the time of his plea and his original sentencing — do not preclude his challenge to the resentence imposed, as defendant's "plea was entered pursuant to conditions that changed after [his] waiver[s]" were tendered (People v Sumter, 169 AD3d 1275, 1276 [2019] [internal quotation marks and citation omitted]; see People v Hatcher, 165 AD3d 700, 700 [2018], lv denied 32 NY3d 1172 [2019]; People v Capone, 160 AD3d 1221, 1221 n [2018], lv denied 31 NY3d 1146 [2018]). That said, upon considering the record as a whole, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Montpetit, 170 AD3d 1341, 1342 [2019]). To the extent that defendant argues that this Court should reduce his resentence based upon the impact that it had upon his conditional release date, we need only note that defendant was afforded an opportunity to make a formal motion for resentencing in this regard, and the record fails to reflect whether such motion was made or the resulting disposition, if any.[FN1]
Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: When the parties returned to court in July 2017 for proceedings in connection with defendant's contemplated risk level classification hearing, defendant's attorney advised County Court that the June 2017 resentencing had negatively impacted defendant's conditional release date — extending it from July 20, 2017 to July 4, 2020 — and asked the court to remedy that issue by resentencing defendant so that the sentence imposed upon his conviction of attempted use of a child in a sexual performance ran concurrently with the other state prison sentences previously imposed. In response, County Court advised defense counsel to file a formal motion for resentencing, noting that it would be necessary to obtain the transcripts of the prior proceedings before resolving this issue.